IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CAJO ENTERPRISES, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 6:25-cv-191-JDK-JDL |
| § | |
| MAXUM INDEMNITY COMPANY § | |
| (INCORRECTLY NAMED AS THE § | |
| HARTFORD INSURANCE GROUP), § | |
| § | |
| Defendant. § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Cajo Enterprises, Inc., sued Defendant Maxum Indemnity Company (incorrectly named as the Hartford Insurance Group) in the 4th Judicial District Court of Rusk County, Texas. Docket No. 1. Following Defendant's removal of this case to federal court, *see id.*, Defendant filed a motion to dismiss Plaintiff's complaint for failure to state a claim. Docket No. 5. The case was referred to United States Magistrate Judge John D. Love. Docket No. 4.

On July 24, 2025, Judge Love issued a Report and Recommendation recommending that Defendant's motion be granted. Docket No. 10. Plaintiff timely filed objections to the Report. Docket No. 11.

**I.**

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo.

1

28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In its objections, Plaintiff (1) asserts that its original complaint is pleaded with "sufficient factual detail to support further litigation . . . and survive a Rule 12(b)(6) motion to dismiss"; (2) objects to the Report's recommended dismissal of Plaintiff's claims with prejudice without an opportunity to amend; and (3) requests leave to amend its complaint. Docket No. 11.

## A.

Plaintiff first objects that it pleaded sufficient factual allegations to survive Defendant's motion to dismiss. *Id.* ¶ 20. In support, Plaintiff simply refers the Court to its response to Defendant's motion to dismiss (Docket No. 8). *Id.* But this generalized objection does not meet the threshold under Federal Rule of Civil Procedure 72(b)(2) or 28 U.S.C. § 636(b)(1)(C) to warrant de novo review. "To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found." *Pete v. U.S. Dep't of Treasury*, 2025 WL 1699659, at *1 (E.D. Tex. June 17, 2025). Objections that merely incorporate or reference briefing before the magistrate judge, moreover, are not specific. *Id.* Thus, Plaintiff's generalized objection does not

2

need to be considered by the Court. *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (*en banc*) (explaining that this rule "facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act"), *overruled on other grounds by Douglass*, 79 F.3d at 1412 (*en banc*).

Plaintiff's first objection is overruled.

### B.

Second, Plaintiff objects to the Report's dismissal of Plaintiff's claims with prejudice. Docket No. 11 ¶ 21. Plaintiff argues that it should have been given an opportunity to amend its pleadings before the Court recommended a dismissal with prejudice. *Id.* However, as further explained below, because the Court grants Plaintiff's request for leave to amend its complaint, the Court need not consider whether it was error for the Magistrate Judge to not afford Plaintiff an opportunity to amend.

Plaintiff's second objection is overruled.

### C.

Plaintiff requests leave to amend its original complaint to address deficiencies raised in the Report. *Id.* When considering a motion to amend the pleadings, it is well established that "the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971). Federal Rule of Civil Procedure 15(a)(2) states that "courts should freely give leave [to amend] when justice so requires."

3

Here, even though Plaintiff's request was not filed as a separate motion per Local Rule CV-7(a), Plaintiff expressly seeks to amend its complaint with further facts. Docket. No. 11 ¶¶ 26, 27. Because requests for leave to file an amended complaint should be granted absent some justification for refusal, Plaintiff's request for leave to amend its complaint is granted. *See Estate of Munoz by Ruelas v. Ford*, 2019 WL 13146717, at *1 (E.D. Tex. Apr. 10, 2019) (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386 (5th Cir. 2003)). In the future, however, Plaintiff must file a separate motion requesting relief in accordance with the Eastern District of Texas Local Rules.

## II.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections should be overruled. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 10) as the opinion of the Court. Although Defendant's motion to dismiss Plaintiff's claims (Docket No. 5) is **GRANTED**, the Court **GRANTS** Plaintiff's request for leave to amend its complaint (Docket No. 11 ¶ 21). Thus, it is **ORDERED** that Plaintiff shall have fourteen days from the date of this order to file an amended complaint that complies with the Federal Rules of Civil Procedure. It is further **ORDERED** that Defendant shall have fourteen days from the date that Plaintiff files its amended complaint to answer or otherwise plead to Plaintiff's amended complaint.

*See* Fed. R. Civ. P. 15(a)(3). Any failure to comply with this order may result in the dismissal of this action.

So **ORDERED** and **SIGNED** this **28th** day of **August, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE