IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CAJO ENTERPRISES, INC., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:25-cv-191-JDK-JDL |
| MAXUM INDEMNITY COMPANY (INCORRECTLY NAMED AS THE HARTFORD INSURANCE GROUP), | § § § § § | |
| Defendant. | § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Cajo Enterprises, Inc. filed this insurance coverage dispute against Defendant Maxum Indemnity Company (incorrectly named as "the Hartford Insurance Group") on May 23, 2025. Docket No. 1. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636(b). Docket No. 4.

On October 30, 2025, Judge Love issued a Report recommending that Defendant's motion to dismiss the amended complaint be granted as to any claim asserted under § 542.003(b) of the Texas Insurance Code but denied as to all other claims. Docket No. 20. Plaintiff did not object. Defendant timely objected on November 13, 2025. Docket No. 22.

The Court reviews objected-to portions of the Magistrate Judge's Report and Recommendation de novo. *See* FED. R. CIV. P. 72; 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or

1

specified proposed findings and recommendations to which objection is made."). The Court conducting a de novo review examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1).

Defendant first objects that the Report applied the wrong legal standard to its motion to dismiss by citing *Gun Barrell Jacksonville LLC v. Depositors Ins. Co.*, No. 6:20-cv-469-JDK, 2021 WL 5154218, at *1 (E.D. Tex. Oct. 9, 2021), which was a summary judgment case. Docket No. 22 at 2. However, this brief citation in a footnote merely refers to the proposition that disputed facts are viewed in the light most favorable to non-moving party. This appears to be nothing more than a reference to what the standard for factual review would be at summary judgment. There is nothing in the Report's recitation of the legal standard or analysis that suggests the Magistrate Judge applied a summary judgment standard in evaluating the motion to dismiss. In fact, the Report plainly relies on the *Twombly/Iqbal* standard throughout its analysis. Docket No. 20 at 3–4. Accordingly, this objection is overruled.

Defendant next objects to the Magistrate Judge's analysis of the asserted claims arising under § 542.056 and § 542.058. Defendant argues the Report incorrectly found that Defendant made a late claim decision under Chapter 542, which requires claim decisions be issued within fifteen business days. *See* TEX. INS. CODE § 542.056(a). Defendant points out that the claim decision was issued on April

22, 2024, which is exactly fifteen business days after April 1, 2024 (the date of the last engineering report). Docket No. 22 at 2. Defendant is correct that under § 542.056(a) the claim decision was made on exactly the 15th business day and was therefore timely.

However, as to Plaintiff's claim under § 542.058(a), Plaintiff has alleged that all information was provided as of April 1, 2024, but Defendant has yet to pay the full alleged amount on the claim. Therefore, the objection is sustained as to Plaintiff's § 542.056(a) claim but overruled as to Plaintiff's § 542.058(a) claim. *See Groba v. State Farm Lloyds*, No. 1:25-cv-991-ADA-ML, 2025 WL 3011894, at *3 (W.D. Tex. Sept. 11, 2025), *report and recommendation adopted*, No. 1:25-cv-00991-ADA-ML, 2025 WL 2977529 (W.D. Tex. Oct. 17, 2025) (holding that an allegation of insurer's failure to pay the disputed portion of a claim was "sufficient to support a plausible claim for delayed payment under Texas Insurance Code § 542.058").

Defendant next objects that the Report failed to apply the heightened Rule 9(b) standard to Plaintiff's Chapter 541 claims. Docket No. 22 at 3. However, Chapter 541 claims based on claim-handling conduct, as alleged in the instant action, are not fraud-based, and the Fifth Circuit has limited the application of the Rule 9(b) pleading standard to claims grounded in fraud. *See Hand v. Trumbull Ins. Co.*, No. 2:21-cv-135-BR, 2022 WL 22887537, at *7 (N.D. Tex. Aug. 12, 2022) ("Rule 9(b) applies to claims brought under Chapter 541 of the Texas Insurance Code to the extent the claims involve averments of fraud, 'whether they are part of a claim of

3

fraud or not.'" (quoting *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001))). Accordingly, this objection is overruled.

Defendant next objects that the Report improperly used a subjective standard for determining reasonableness despite Texas law requiring an objective test for § 541.060(a)(3) claims. Docket No. 22 at 4. However, the Report cites and applies the correct legal standard. *See Mid-Continent Cas. Co. v. Eland Energy, Inc.*, 795 F. Supp. 2d 493, 529 (N.D. Tex. 2011), aff'd, 709 F.3d 515 (5th Cir. 2013) ("[T]o establish a violation of § 541.060(a)(3), a plaintiff must prove that the insurer's explanation of the factual and/or legal basis in the policy for an offer of compromise settlement was not provided promptly or was not reasonable."). As Judge Love explained, Plaintiff alleged specific delays, unexplained partial payment, and failure to respond, which is sufficient to survive dismissal at the pleading stage. Docket No. 20 at 6–7. This objection is overruled.

Defendant next objects that the Report ignored facts in the pleadings which demonstrated that Defendant issued a timely denial letter summarizing its basis and providing partial payment; Defendant also objects that the cases relied upon by Judge Love on this point are inapposite. Docket No. 22 at 5. But whether Defendant's explanation for the partial payment was reasonable is a question that cannot be resolved at the pleading stage where Plaintiff has alleged facts to suggest it was unreasonable. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) ("[C]ourts must, as with any motion to dismiss for failure to plead a claim on which relief can be granted, accept all factual allegations in the complaint as true."). And

4

the Court finds no issue with Judge Love's cited cases. Accordingly, these objections are overruled.

Finally, Defendant argues that Plaintiff's DTPA allegations fail to meet the heightened pleading standard under Rule 9(b), that the Report erroneously finds otherwise (Docket No. 22 at 6–8), and that the Report also improperly reads a failure-to-disclose claim into the complaint even though Plaintiff did not plead the necessary elements thereof. *Id.* at 6.

The following allegations form the basis of the DTPA claim:

> Quick Copy has been an insured of Maxum for many years. During that time Quick Copy maintained and continually renewed the same policy with Maxum. Upon making their claim decision, Maxum informed Quick Copy for the first time their insurance policy terms had changed from the prior policy, without Quick Copy's knowledge. Maxum informed Quick Copy that as a result, two of the Properties, 211 South Main Street and 107 East Elk Street, were underinsured. Quick Copy was never made aware their policy required them to have an eighty (80) percent coinsurance on the Properties. Maxum then applied "underinsured penalties" in sum greater than twenty thousand dollars ($20,000.00) on each underinsured property, further reducing the coverage payments to Quick Copy. Quick Copy was not made aware at the time the Policy purchased or renewed that Quick Copy was underinsuring two of the Properties. Quick Copy purchased the Policy based on the representations made by Maxum and their agents that the Properties would be fully covered against hail and wind damage.

Docket No. 14 at ¶ 23. Judge Love's first Report and Recommendation in this case (Docket No. 10) dismissed Plaintiff's DTPA claim because it did not allege an independent injury. Docket No. 10 at 7. To address this problem, the amended complaint adds only the following sentence to the original DTPA allegation:

> Maxum violated the DTPA by using or employing acts and practices that are deceptive or unconscionable in their promises, statements, or otherwise indications made to Quick Copy at the time the Policy was sold and purchased. TEX. BUS. & COM. CODE § 17.50(A)(1).

*Id.* at ¶ 55. The Report concludes that the above-alleged facts and new allegation combined to allege a fraud by non-disclosure theory that survives the Rule 9(b) pleading standard. Docket No. 20 at 11.

"State law fraud claims are subject to the heightened pleading requirements of Rule 9(b)." *Musket Corp. v. Suncor Energy (U.S.A.) Mktg., Inc.*, 759 F. App'x 280, 289 (5th Cir. 2019) (quoting *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550–51 (5th Cir. 2010)). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Wallace v. Tesoro Corp.*, 796 F.3d 468, 480 (5th Cir. 2015) (citations omitted); *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009) ("The frequently stated, judicially-created standard for a sufficient fraud complaint . . . instructs a plaintiff to plead the time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what that person obtained thereby." (citation modified)). In other words, a plaintiff must plead the "who, what, when, where, and how" of the fraud. *U.S. ex rel Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005).

Plaintiff's DTPA allegations fail to satisfy the Rule 9(b) pleading standard. To begin, Plaintiff fails to identify who made the alleged misrepresentations or omissions. While Plaintiff identifies "Maxum" and its "agents" (Doc. 14 ¶¶ 23, 55),

6

Rule 9(b) requires "the identity of the *person* making the misrepresentation and what that person obtained thereby." *Musket Corp.*, 759 F. App'x at 286 (emphasis added); *see Williams*, 417 F.3d at 454 (holding that pleadings naming only "Bell Helicopter agent or employee"—but not specific individuals—did not satisfy Rule 9(b)). The following reasoning from the Fifth Circuit in *Williams* applies with equal force to the complaint here: "[The] complaint fails to plead any particular facts showing that [Defendant] was aware of the actions of its employees, that it intentionally [made] false claims . . ., [or] that it had purposefully withheld information . . . ." *Id.*

Further, the amended complaint does not allege what representations were fraudulent or when they were made. Plaintiff admits that representations the property would be fully covered were true when made at the time of initial coverage. Docket No. 14 ¶ 23; *see also* Docket No. 18 ¶¶ 47, 48. Under Plaintiff's theory, those representations did not become fraudulent until Plaintiff relied on them years later at the time of renewal. But Plaintiff does not allege any representations made at the time of renewal that induced Plaintiff to renew the contract. Vague references to "deceptive . . . statements" (Docket No. 14 ¶ 55) do not particularly plead "the place and contents of the false representation," *Kanneganti*, 565 F.3d at 186.

Defendant's objection is therefore sustained as to Plaintiff's DTPA claim.

Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (Docket No. 20) is **ADOPTED-IN-PART**. Defendant's motion (Docket No. 17) is **GRANTED** as to any claim asserted under § 542.056(a) and § 542.003(b) of the Texas Insurance Code (Count B in-part and Count C in-part, respectively) and § 17.50(A) of

7

the Texas Business and Commerce Code (Count D).  Those claims are dismissed with prejudice.  Defendant's motion (Docket No. 17) is **DENIED** as to the remainder of Plaintiff's claims.

So **ORDERED** and **SIGNED** this **19th** day of **December, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE